Per Curiam.

Appellant’s mortgage recorded after the commencement of the improvement contained the covenant that the advances received thereunder would be applied first toward payment of the cost of the improvement. Accordingly it was entitled to priority over plaintiff’s subsequently filed notice of mechanic’s lien (Lien Law, § 13). Since the only previously filed lien was discharged by deposit into court, appellant was neither a necessary party (Lien Law, § 44, subd. 2) nor, indeed, a proper party to this action. It was therefore entitled to dismissal of the complaint as against it.
Section 29 of the Lien Law, which provides that the filing of consents to the recording of a mortgage containing the covenant required by section 13, by the owners of at least 55% of all previously filed liens, shall result in the subordination to such mortgage of all liens theretofore or thereafter filed, is not applicable here. A subsequently filed lien, such as plaintiff’s, is subordinate to a mortgage by reference solely to the provisions of section 13.
The order should be reversed, with $10 costs, and motion granted.
Concur — Lupiano, J. P., Streit and Gold, JJ.
Order reversed, etc.